**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| RAHEEM TYRELL BRINSON, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : <br> _____ : | CASE NO.: 7:22-CR-006 (LAG) (ALS) <br> 7:23-CV-104 (LAG) (ALS) |

## **ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) (Doc. 47), dated August 19, 2024, and Petitioner's Objections to the R&R (Doc. 48), dated September 6, 2024. For the reasons stated below, Petitioner's objections are **OVERRULED**, and the R&R is **ACCEPTED** and **ADOPTED**.

## **BACKGROUND**

On February 8, 2022, Petitioner Raheem Brinson was charged with possession of a firearm by a convicted felon. (Doc. 1). Petitioner pled guilty to the charge on September 22, 2022. (Doc. 19). On May 17, 2023, Petitioner was sentenced to 120 months of imprisonment, followed by three years of supervised release. (Docs. 32, 34). Petitioner is currently incarcerated at Jesup Federal Correctional Institution. On September 21, 2023, Petitioner filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 29 U.S.C. § 2255 (Doc. 36). Therein, Petitioner claimed that his counsel provided ineffective assistance in failing to fully represent his interests, failing to obtain a mental health examination, failing to raise mitigating sentencing factors, and providing Petitioner incorrect information regarding his appeal rights. (*Id.*). Petitioner also alleges that the 120-month sentence represents a sentencing disparity, that he was deprived of allocution at sentencing, that the prosecution committed Brady violations, and that Due Process violations occurred. (*Id.*).

On August 19, 2024, the Magistrate Judge issued the R&R. (Doc. 47). Therein, the Magistrate Judge recommended that Petitioner's Motion be denied. (*Id.* at 12). The Magistrate Judge determined that the Petitioner did not have a valid claim for ineffective assistance of counsel and was procedurally barred from raising his remaining claims as he failed to raise them on direct appeal. (*Id.* at 4–11). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a) for the Parties to file written objections. Petitioner timely filed an objection on September 6, 2024. (Doc. 48).

## LEGAL STANDARD

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews *de novo* the dispositive portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews unobjected-to portions of a magistrate judge's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues *de novo* to "aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732. When a party's objections, however, are "[f]rivolous, conclusive, or general," the Court "need not" consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (citation omitted). An objecting party "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *Id.* at 1360

## DISCUSSION

Petitioner's Objection primarily restates the allegations in his Petition and does not address the factual findings or legal reasoning in the Magistrate Judge's R&R. (Doc. 48); *see Schultz*, 565 F.3d at 1361. Petitioner objects to the Magistrate Judge's finding that he did not establish that his counsel's representation was constitutionally defective. (Doc. 48 at 3–5). With regard to the actions of counsel prior to Petitioner's guilty plea, the Magistrate Judge explained in the R&R that "[a] defendant who enters a guilty plea waives all non-

2

jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." (Doc. 47 at 7 (quoting *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992)). In his objection, Petitioner argues that his attorney should have "instructed [him] to go to trial," filed motions challenging "a questionable traffic stop and . . . interview," and "requested a hardline rule II plea which [would have] ensured [him] an incentive for not exercising his constitutional right to trial by jury." (Doc. 48 at 4). As the Magistrate Judge explained, "[n]on-jurisdictional claims waived by a guilty plea include claims of ineffective assistance of counsel concerning issues litigated prior to the entry of the plea." (Doc. 47 at 7 (citing *United States v. Fairchild,* 803 F.2d 1121, 1124 (11th Cir. 1986); *Tollett v. Henderson,* 411 U.S. 258, 266-67 (1973)). Therefore, Petitioner waived any claim of ineffective assistance regarding any possible suppression motion and the terms of his plea deal. Furthermore, with regard to whether Petitioner should have gone to trial, a defendant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent.]" *Tollett*, 411 U.S. at 267. Petitioner does not do so in his Petition or Objection. Accordingly, Petitioner's objection on this ground is overruled.

Petitioner also argues that he "raise[d] a valid claim that [his attorney] was ineffective because she failed to obtain a mental health evaluation." (Doc. 48 at 5). Petitioner argues that his attorney "offer[ed] only her personal opinion concerning [his] mental capacity at sentencing" and "is not an expert in this department." (*Id.*) The Magistrate Judge explained in the R&R that "[c]ounsel is not necessarily required to seek independent mental evaluations in order to render effective assistance. . . the choice not to seek out such an evaluation is a tactical decision, which must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgment." (Doc. 47 at 9 (quoting *Holladay v. Haley,* 209 F.3d 1243, 1250 (11th Cir. 2000) (internal citations omitted)). Petitioner is not entitled to relief on this ground because he has not explained how counsel's choice to not seek a mental health evaluation was unreasonable. As the Magistrate Judge found, "Petitioner [has] not explain[ed] how an

3

additional mental evaluation would have impacted his sentencing proceedings." (Doc. 47 at 9). Petitioner's objection does not argue that the Magistrate Judge applied the wrong legal standard or otherwise address the Magistrate Judge's findings. To the extent that Petitioner is objecting to the R&R, Petitioner fails clearly to delineate objections but restates the allegations in his petition.

Accordingly, as Petitioner has not addressed sufficiently the factual findings or legal reasonings set forth in the R&R or stated any basis to establish ineffective assistance of counsel, Petitioner's Objections (Doc. 48) are **OVERRULED**. The Court has reviewed the unobjected to portions of the Reports and Recommendation (Doc. 47) for clear error and finds none.

## CONCLUSION

Upon a careful and complete consideration of the record, the Court **OVERRULES** Petitioner's Objections (Doc. 48) and finds that the Report and Recommendation (Doc. 47) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and explanations stated therein.

**SO ORDERED**, this 25th day of February, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**